May it please the court. My name is Dennis Charney. I represent the defendant, Jeffrey Whitlock, in this matter. I was going to start with a joke, unfortunately. Oh, feel free. I mean, since I didn't. That eliminated about half of my time. I'd like to start with the premise that no person threatened with losing liberty, whether that be for a day, a week, a year, life, or even death, should be deprived of any information upon which the court utilizes to make a sentencing decision absent a compelling reason to do so. Counsel, maybe I could just focus your comments a little bit. If this had been a regular sentencing, not a revocation, isn't it true under Rule 32 and our precedent that it is permissible for the district court not to disclose the confidential information so long as the substance of it is communicated in the course of the hearing? That would be true, and that is, of course, what the rule and the precedent says, which is exactly why I'm before you today challenging both initially the Rule 32, but the local rule, which does address this particular issue at the revocation hearing. But Baldrige has said, as examined, argued it's under due process, but presumably that would apply under equal protection, that it is not a constitutional violation under those circumstances in a sentencing hearing. Now we're in a revocation hearing, and if anything, the rights of the defendant would be less than those of someone who's going through the initial sentencing. So why is there any debate as far as this panel is concerned, unless you're going to go challenge Baldrige or whatever, as to why there should be a different rule for a revocation hearing than there is for a sentencing hearing? And I don't necessarily know that there should be a different rule for a revocation hearing as opposed to a sentencing hearing. The argument essentially is that in any type of proceeding, when a district court is making a decision relating to an individual's liberty, the defendant, and even the government in certain cases, ought to be privy to information upon which the court is basing its decision. And when we talk about whether or not we're just going to make a direct challenge on the decision that you cited, I guess that the nature of this appeal would be just that. Well, but of course this panel can't do anything about that. It couldn't necessarily do anything about it, but it could revisit the issue under the arguments as I framed them in the briefing. Well, it's the equal protection arguments, but you seem to suggest that the existence of discretion is a classification in a sense, so that those for whom discretion is exercised favorably are in a different class. And I've never seen a decision that equates the mere existence of discretion with an equal protection violation in the absence of some demonstration that the discretion has been exercised in a way that systematically disqualifies a class of people. For example, if you could demonstrate that only women were ever given these pre-sentence reports and men never were or African-Americans were and Hispanics weren't, that might raise it. But are you aware of any case from this Court or from the Supreme Court that has held that the mere existence of discretion is an equal protection classification? Not the mere existence of discretion, and I think that your point is well taken. In other words, had the district court in this case said, I find that male Hispanic defendants in drug cases should not receive sentencing recommendations because there is a higher propensity for violence and or difficulties between a male drug defendant Hispanic than a white one. And certainly a panel of this nature would look at that and question whether or not that was suspect. Same thing, white women in a tax evasion case or Asian men in an L&L type of case, anything along those lines if the classification. So I guess I'm wondering if there is a classification here at all in the absence of that kind of allegation or demonstration. I think that the classification results simply by, as pointed out in the briefing, the luck or unluck of the draw. If you are a defendant who winds up in Judge Lodge's court in the District of Idaho, you do not have the opportunity to present the same type of argument and or information to a sentencing judge as if you are the same defendant who drew Judge Windmill's court, who has a policy of automatically releasing the sentencing recommendations to an individual. So in a sense, your quote-unquote classification is those who are before one judge and those who are before another. But again, I am not aware of any case, and maybe you can help me out, that just says that where two judges have different policies, different ways of doing things, and neither is a violation of a statute or a rule, and neither is based on some improper reason that we've been discussing, that that is an equal protection problem. Which is where I come to the point of pointing out what it is that the court said when a request was made upon the district court in this case for a copy of the sentencing recommendation. And the answer was simply that there was a belief that the release of this type of information to a defendant could cause a negative relationship between the defendant and the probation officer in the future. Well, that comes into play if you're looking at whether there's a rational basis for a classification. Correct. And so there really are two pieces. I'm questioning whether there even is a classification for purposes of equal protection analysis. If you get there, I guess the question is why wouldn't that be a rational reason? If we move past the classification question, which I guess it will be up to this panel to decide whether or not simply the draw, and I guess the government action, if you will, of placing one defendant before Judge Lodge and another defendant before Judge Windmill, then does result in that classification. A classification of those who get the information and a classification for those who don't. But then if we get to the question of was the court's decision rational, I would argue that it was in fact not rational. A blanket assertion that the mere providing of this type of information to all defendants or a denial of this information to defendants will always result in that does not meet a fair balancing test. In other words, I think that what the court... Well, that doesn't have to always result to be rational, does it? If the judge says, look, there's a risk that this is going to poison the relationship between the probation officer and the defendant in the future, and I'm not willing to take that risk, does the judge have to be able to say, and I'm absolutely certain that's going to happen in your case? I don't believe that the court would have to do that, but I think that the court should at least articulate some reason. Well, this court did, and if you look back to Rule 32, if we're applying it to a sentencing hearing, it says that by local rule or by order in a case. Now, by order in a case implies or states that if you wound up in Judge Lodge's court, in each case Judge Lodge could say, I do not, as opposed to a blanket rule in his court. He said, I do not in this case believe that I should allow it to be disclosed because it would jeopardize the potential. My belief is it would jeopardize the probation relationship with the defendant. Would that be a classification of some sort that would underlie an equal protection claim? I think what that really does is it goes to the question of whether or not the decision is rational. So you're saying that, but so on the face of the rule, if you're importing Rule 32's process into the revocation hearing, accepting that it translates over, fills in that gap, then looking back to Rule 32, you're not attacking Rule 32 in and of itself as being a constitutional violation by permitting that kind of a system? No, it would be the application, the manner in which that particular rule is being applied. And once again, I think that the blanket decision is what is most problematic. I'm like Judge Graber. I'm trying to understand the elements of your constitutional claim because if it's just attacking as applied, then it really is focusing on Judge Lodge's decision in this case. And you're saying he didn't articulate a rational basis for not applying it to your client? That would be exactly what I would be saying, is that he did not articulate a rational basis in this particular case and that the general rule should be that. But he did. He articulated two reasons, one, compromising the communication, the candor of the communication, and to the extent that the defendant became aware of the probation officer's assessment, underlying that it could get the relationship off to a bad start. Now, he said that. Now, what are we supposed to do? Make him put on the record a more detailed statement? I just don't understand how this would work. With my time expired, would you like me to answer that? Yes, please. Okay. The way that I would answer that is that in sentencing decisions, for example, the court, when it departs, there's a requirement for a statement of reasons. A court is required to articulate certain things. Sorry, counsel, but he did. He did state it. He stated two reasons. But they weren't unique to this particular case. Well, how do you know? Because he said that. I can't quote the transcript exactly. I know. He said, I don't do it because. So why would we assume that if he believes that? If he believes that. He has to be forecasting, right? So he's stating based on his experience, his judgment, that it is not a good idea to have the text of the recommendation revealed to the defense or to anybody else except to him. Now, Baldrige says as long as the substance summarized of such a confidential recommendation is disclosed in the course of the sentencing hearing, then that doesn't violate the Constitution. So just as a matter of trying to step then back to why Judge Lodge's statement is insufficient, how can we conclude that? What would he say? He can't say, well, I have looked at the confidential. This is what you want him to say. I am looking at this, and I don't think that the probation officer would have made such a statement if he knew or she knew it was going to be made public. That's what he should say on the record? I think what the court should do, especially in a revocation proceeding, is perhaps look at the relationship that exists or existed between the probation officer and the probationer. In this particular case, it was quite good. And it's questionable as to whether or not if Mr. Whitlock knew what the probation officer said to Judge Lodge, if that would really cause any additional tension. I'm sorry. Finish, and then I have another question. I have one after you. Okay. We're not letting you get out of here very quickly. My time's up. I'm ready. So I guess what I'm saying is that there should be an analysis of a particular defendant in a particular case when we're looking at information upon which a defendant, in my view, should be allowed to perhaps challenge. My question has to do with the judge's second reason, because he really did say two things. The first was it just gets people off, I think he said, to a wrong start or on the wrong foot, something like that. Yes. In their relationship. But he also says, look, I'm the one who makes, I mean, I'm paraphrasing. He says, I'm the one who makes the sentencing decision, and I'm going to tell you why, and I have my own reasons. And, you know, the implication of that is it really, in a sense, doesn't matter. And I guess my question to you is where's the prejudice where it's clear that the judge has to make the decision no matter what, and secondly, that the judge has to give reasons that are sufficient for review as to why the sentence is. And, you know, in view of that and the fact that the judge was cognizant of that as well, not just that it's true, but he relied on it as being true, where's the prejudice? The prejudice comes from the fact that while the probation officer is, in fact, an officer of the court and an extension of the court, the probation officer is sort of in this unique position where he or she is, by way of the sentencing recommendation, advocating for a particular result. And those sentencing recommendations say that. I think, Judge, based on these things, you should do the following. And to deprive Mr. Whitlock in this case, and or the government in some cases, from seeing what it is that some third party, really, some third person who is probably spending more time on an individual case is telling the court, and without granting someone the opportunity to say, wait a second, the probation officer sees it like this, but it's not. It's actually like this. Or the probation officer mixed up some facts on a drug weight or a drug quantity, or perhaps something could be contained there that counsel for the government or the defendant might catch to bring attention to the court. With respect to the factual portions, though, there is that opportunity. So you're getting down into sort of the thought process of a person who doesn't, in fact, do the sentencing. True. But the sentencing recommendation often, by its very nature, it has to contain a mix of both facts and application of guidelines or statutes or a combination of all three to get to that point of a recommendation. And so there does become a diminished ability to challenge some facts. And I stand here, and the government will shortly, devoid of information. You hope shortly. I do have a ploy. No. Devoid of information that Judge Lodge had, that the probation officer had, and that the three members of this panel have, that I've never seen to this day. There's information that you know about my client, perhaps, and what was told to the court that I don't know. And I think that there's just simply a fundamental problem with that system. This is a little bit like what Judge Graber indicated. But in the discussion in the court, the court said, Judge Lodge said, I rest on what my comments are in court as to why I sentence a person either to not on a recommendation of a probation officer. Do you have any information, any place you can point to in the record, where Judge Lodge relied upon anything that was not known to your client or disclosed to your client? No. And I would follow that up by also saying, if he's not relying on the recommendation, then perhaps we shouldn't have the probation officers making them in the first place. In other words, if the judge is truly to be independent and to be basing a sentencing decision on facts that are disclosed to everybody, then why do we have the recommendation? Well, that's a little more of a structural issue of our court system, right? But as far as this case is concerned, Judge Lodge said, I'm not relying upon what probation officers said here. Correct. So there's nothing in the record you can point to to the contrary. So to some degree, you know, you've indicated he doesn't really fall into the normal suspect classifications for an equal protection argument. We have no evidence in the record that Judge Lodge even relied upon what you say your client was deprived of. How do you get to a problem here? I guess it goes back to that question of the unringing a bell. We don't know what it is that he saw there and what may be lingering in the mind of the district court. And if there was something there that we thought was incorrect, you know, that I thought was incorrect or my client thought was incorrect, it would be good to have the opportunity to say, Judge, we've read this, and we don't believe that this is accurate, and we would hope that you would. So you're, in effect, asking us to contemplate the sound of one hand clapping. I suppose so, yes. Okay. All right. Thank you. Now you're free to sit down. Thank you. You will have the opportunity for a brief rebuttal since we monopolized your time considerably. We'll hear now from the government. May it please the Court, my name is Aaron Lukoff. I represent the United States of America. I don't have any additional argument for this Court unless the Court has any further questions, I believe. My question is, what do you see as the interplay between 32.1 and Rule 32? Leonard talks about 32.1 primarily governs these. There is no precise language comparable to Rule 32 about the disclosure. Is it correct from the government's standpoint that what Rule 32 does is fill in the blank there so that the same regime that applies under 32 with respect to either there having to be a local rule or a court order, that disclosure, if there is no local rule or court order, then disclosure would be permitted. But if there is a local rule or court order, it does not have to be. Our position is that Rule 32.1, as it's been amended since the Court's decision in Carper, no longer requires, I guess, the finding that Rule 32 complements Rule 32.1 in that the protections that the Court was concerned with in Carper, that being allocution by the defendant, were addressed by the Rules Committee in subsequent revisions. I'm not sure that it matters in this case because there is a local rule that provides that the supervised release violation report, in other words the factual information which is provided both to the government and the defendant, that that information is protected like a pre-sentence report, but that the probation officer's sentencing recommendation in a supervised release revocation hearing can or cannot be disclosed pursuant to the Court's discretion. Let's assume there were no local rule. That's what I'm trying to understand. Maybe my question probably wasn't clear enough. Rule 32 specifically in E3 talks about sentencing recommendation. It addresses the specific issue in this case. And if you go to Rule 32.1, there isn't a comparable section addressing it. But it does talk about disclosure of the evidence against the person, which is I think what counsel was focused on to some extent in his comments at the end about the fairness of things. So if Judge Lodge in this case was, or Judge Windmill in the District of Idaho, or wherever they may be, district judges across the Ninth Circuit, with or without a rule, do they look to Rule 32E to decide whether or not to disclose, or do they look to 32.1 and assume that since there's nothing about disclosure, they should assume absent a local rule, they should assume what? Should they assume that absent a local rule, they do not have authority to withhold the confidential, or do they assume that it's the same regime under either rule? Because essentially a revocation hearing is, although different from a sentencing hearing, still raises the same structural issues. I would assume they would look to 32.1 and not Rule 32E, because Rule 32.1 provides for different streamlined procedures. And I think the district court in that, confronted with that situation without, in the absence of a local rule, would look to Rule 32.1. Okay, so if they're looking to 32.1, why doesn't counsel prevail then on the notion that under a revocation hearing, a person is entitled to disclosure of the evidence against them? Well, the due process requires that the evidence against them... Okay, and the evidence against them is a statement contained in a parole officer's confidential recommendation. If the evidence against them is a statement contained in the recommendation, then they are entitled to that under... Okay, so why wasn't he entitled to see what the parole revocation was, or the confidential recommendation was? Well, for two reasons, Your Honor. First, the recommendation is not factual information. Well, how do we know that? How do you know that? We take the district court's word for it, Your Honor. Just like we would in a case where the district court... I'm sorry, what did the district court say about the content? The district court didn't say anything about the content. The district court said that he rests on what his comments are in court as to why the sentence he imposes is what it is and not... What if there's a factual statement in the parole, in the PSR, confidential report? Due process, Your Honor. Okay, it's there, and the district court reads it and then says, you know, I don't rely on that recommendation. That's the conclusion. How does...unless we look at it, or as Judge Graber pointed out, get into the mind process. But if there's a factual statement there, even Baldrige says that in a confidential recommendation, the defendant is entitled to know the substance of any factual information. That's under Rule 32. You're telling us, well, we don't look to Rule 32. We look to 32.1. So if you're going to distance yourself from Baldrige, then why aren't we then having to now look at 32.1 on its own footing and wrestle with the question of if there's factual information embedded in that confidential information, he's entitled to see it so he can test the proposition that the judge actually wasn't influenced by it. If I may step back to grab the code, Your Honor. Rule 32.1 does provide that the defendant is entitled to disclosure of the evidence against him. I just read that to you. Yes, I have that. Okay. So it would be... So Rule 32.1 does procedurally provide that that information has to be given to the defendant, and it would be a violation of due process if the district court relied on that information, factual information, that was not disclosed to the defendant in imposing a sentence. Let me pursue this a little further and ask you the question this way. The initial pre-sentence report that contains factual data, you know, the person is this many years old, they finished this much school, here's their family situation, this is the nature of the acts that were committed and goes through all of that. That is provided to the defendant to comment on. If the recommendation were to contain any different or additional fact, wouldn't that little piece, I mean, if they said, for example, you know, you forgot to mention in the report that this person had committed two more crimes that we didn't mention earlier. I take your position to be that would have to be disclosed because that's a fact. But the recommendation, you know, I think the best solution for the court would be two months or probation or whatever they recommend. That's in a different category. Is that your interpretation of 32.1? Yes, Your Honor, and that's my interpretation of Rule 32.1 as well as the court's decision in Baldrige. And how is that reviewable to assess that, in fact, all the factual information was disclosed, the two convictions? My understanding is in this case and what the court did in Baldrige was they ordered up the sentencing recommendation and reviewed that against the record and looked to see if there was any information that had not been disclosed and relied on by the district court in fashioning a sentence. And that would be the way to review it. But I think in this case, the court, while it has ordered up the sentencing recommendation, Judge Lodge said at the hearing that he was basing his sentence in this case based on his comments. I accept that. I'm just trying to consider this structurally because the implications in this case, here we have a local rule. It appears that Judge Lodge was applying the same rule that he applies under Rule 32, just transferring that over to the revocation hearing. I'm assuming that since there is a local rule. If you take away the local rule, then that's why I was pressing you on the distinction between the two kinds of hearings and which rule governs. Our case law does say 32.1 primarily governs. And I'm trying to avoid getting involved in a sea of collateral implications that aren't before us in deciding whether district courts are going to have to just look at 32.1 if there is no local rule and decide whether or not the same regime applies or not. That's my problem. That was the issue in Leonard where the district court. Do we have to get into that here where there is a local rule? No, Your Honor. I don't believe you have to. Thank you, counsel. Thank you. And Mr. Attorney, you may have a minute for rebuttal. Very briefly, to answer your question, Your Honor, I believe that Rule 32 and 32.1, they need to be read to complement one another. And I know that that may tend to cut against some of the arguments advanced, but I think that to the extent that 32.1 might be missing something, that Rule 32 would be the next source to look at maybe in the absence of a local rule or maybe the creation of a local rule in this case would have been unnecessary if the two were read together to fill in. Do you agree that the local rule here, though, really, I mean, I realize that we can expostulate about all kinds of interesting things, but here we did have a local rule. We did. Are you contending that the local rule is in violation of either 32.1 or 32E3? I don't think that it's in violation because, really, it's virtually the same thing. So, no. I think that the application of the rule in this case resulted to the unconstitutional classification. Right. And we've got your argument on that. But insofar as any discussion about the broader issue, we really don't need to reach that in this case, do we? I do not believe we need to. Thank you, Counsel. We appreciate the arguments of both counsel. They've been very helpful. And the case is submitted.
judges: Graber, Fisher, Smith M.